IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Lisa D. Ryan**

S.S. No.: xxx-xx-9549
Mailing Address:
4310 M. Snipe Creek Lane, , Raleigh, NC 27613

Debtor.

Case No. 10-80316
Chapter 13

## MOTION TO USE CASH COLLATERAL AND
## TO ALLOW SUBSTITUTION OF COLLATERAL

**NOW COMES** the Debtor, by and through counsel undersigned, and moves, under authority of 11 U.S.C. § 105(a), 1303 and 363(b), to use cash collateral and to allow substitution of collateral in this case. In support hereof, the Debtor shows the following:

1. This case was filed on February 23, 2010, with the Chapter 13 plan being subsequently confirmed on June 21, 2010.

2. The Debtor's schedules of creditors includes SUN TRUST BANK, which is secured by a lien on a 2005 CHEVROLET COBALT.

3. Said vehicle was totaled in an accident, and the damage to the said vehicle is covered by an insurance policy issued by State Farm Insurance.

4. The Debtor is in need of a replacement vehicle for transportation to work and for household maintenance. The Debtor has no other means to obtain a replacement vehicle except by using the insurance proceeds to be paid by State Farm Insurance.

5. The said insurance proceeds, in the amount of $7,099.75, are property of the estate. Said insurance was intended to provide for the replacement of said vehicle in the event of a total loss. The Debtor wishes to use the entire insurance proceeds to purchase a replacement vehicle, and is willing to turn the title to the replacement vehicle over to SUN TRUST BANK to serve as replacement collateral on the obligation with said creditor.

6. The Debtor also agree to pay over to the Chapter 13 Trustee any portion of the said insurance proceeds not used in the purchase of the replacement vehicle.

### Appended Application for an Additional Attorney Fee

7. Counsel for the Debtors further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $450.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify, including, without limitation, the following:

    a. Calls from and to the Debtors to discuss changes in their situation which necessitate this motion, to explain the procedures and requirements involved, and to advise the

    Debtors accordingly; and
b.  Contact with the Trustee's office concerning the proposed modification; and
c.  Re-evaluating and recalculating the Chapter 13 plan in this case; and
d.  Drafting this Motion and Certificate of Service; and
e.  Service of the Motion on all interested parties, which includes all creditors scheduled in this case, at the expense of the undersigned law firm; and
f.  Filing of the Motion; and
g.  Prospective attendance with Debtors at the hearing upon the motion, if any; and
h.  Prospective drafting and filing of the proposed Order and Deputy Clerk's Certificate of Service; and
i.  Prospective follow-up instructions to client, as will be necessary, following the granting of this motion.
j.  In the case of a total loss situation, the whole process of gathering information from both client and insurance adjuster specific to the insurance claim, advising the Debtors as to all possible options, including among them, the advantages and disadvantages of continuing in Chapter 13, what to do to get another vehicle, what to do for transportation in the meantime, and how to work with and react to insurance adjusters. In addition, there was the time spent in having to explain to the insurance adjuster how bankruptcy law necessarily modifies the normal handling of the insurance claim.
k.  That pursuant to the Standing Order of the Court, $450.00 is the presumptive non-base fee for preparation and filing of a Motion to Substitute Collateral.

**WHEREFORE**, the Debtor hereby requests that she be allowed to convey her interest in said vehicle to the insurance company free of liens, and to use the entire proceeds of said insurance payment to purchase a replacement vehicle and to substitute such replacement vehicle as collateral with respect to the obligation owing to SUN TRUST BANK; and to facilitate the substitution of collateral, that SUN TRUST BANK be ordered to release the lien on the 2005 Chevrolet Cobalt in consideration for a lien on the replacement vehicle; and that counsel for the Debtors be allowed additional attorney's fees, to be paid through the Debtors Chapter 13 plan, in the amount of $450.00.

Dated: March 23, 2011

            LAW OFFICES OF JOHN T. ORCUTT, P.C.

            <u>/s Edward Boltz</u>
            Edward Boltz
            North Carolina State Bar No.: 23003
            Attorney for the Debtor
            6616-203 Six Forks Road
            Raleigh, N.C. 27615
            (919) 847-9750

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Lisa D. Ryan**

Case No. 10-80316
Chapter 13

S.S. No.: xxx-xx-9549
Mailing Address:
4310 M. Snipe Creek Lane, , Raleigh, NC 27613

Debtor.

## CERTIFICATE OF SERVICE

I, Renee Nolte, of the Law Offices of John T. Orcutt, P.C., do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on March 23, 2011, I served copies of the foregoing **MOTION TO USE CASH COLLATERAL AND TO ALLOW SUBSTITUTION OF COLLATERAL** electronically or when unable by regular U.S. mail, upon the parties set forth below:

Richard M. Hutson, II
CHAPTER 13 TRUSTEE
Post Office Box 3613
Durham, NC 27702

Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC 27402

SUN TRUST BANK
Attn: Managing Agent
Post Office Box 85092
Richmond, VA 23286-

State Farm Insurance
Attn: John Mednis
Post Office Box 9056
Charlottesville VA 22906

Lisa D. Ryan
4310 M. Snipe Creek Lane, ,
Raleigh, NC 27613

/s Renee Nolte
Renee Nolte