**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

In Re:  Lisa D. Ryan                                           )
                                                               )
                                                               )          Case No: B-10-80316      C-13D
                                                               )
                                                               )
                            Debtor(s)                          )


ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

      THIS MATTER having come before the Court for hearing pursuant to the motion by the Debtor for substitution of collateral and for attorney fees; and all interested parties having received proper notice of the hearing, at the hearing, Koury Hicks, Esq. appeared on behalf of the Debtor, and Richard M. Hutson II, Standing Trustee appeared; the Court makes the following:

FINDINGS OF FACT

1.      The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on February 23, 2010.

2.      At the time the Debtor filed the Chapter 13 petition, the Debtor owned a 2005 Chevrolet on which SunTrust Bank (hereinafter "the Creditor") held a valid first lien.

3.      The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

4.      The 2005 Chevrolet was involved in an accident and was deemed a total loss.

5.      The loss of the 2005 Chevrolet leaves the Debtor without reliable transportation. A vehicle is necessary to the Debtor's reorganization.

6.      The vehicle was insured with State Farm Insurance at the time of the accident.

7.      The current approximate balance owed to the Creditor on its secured claim is $6,886.57.

8.      State Farm Insurance is holding the insurance proceeds of $7,099.75.

9.      The Debtor's request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

10.      To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtor's reorganization and would place the Creditor in a position of being paid early at the expense of the Debtor's reorganization.

11.     The Creditor should be required to forward the clear title to the vehicle to State Farm Insurance upon written notification from the Debtor's attorney that the insurance proceeds have been received by the Debtor's attorney.

12.     The Debtor incurred reasonable and necessary attorney fees in the prosecution of this Motion.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1.     This Court has jurisdiction over the parties and subject matter of this action.

2.     The loss of the 2005 Chevrolet leaves the Debtor without reliable transportation necessary for reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AS FOLLOWS:

1.     The Debtor is allowed to substitute collateral, as a result of which the Creditor will release its lien on the 2005 Chevrolet and obtain a first lien upon the replacement vehicle.

2.     The replacement vehicle chosen by the Debtor must be mutually acceptable to the Debtor and the Creditor and must be comparable in value to the 2005 Chevrolet. Prompt consent (within twenty-four hours) shall not be unreasonably withheld or delayed by the Creditor.

3.     The insurance proceeds from the 2005 Chevrolet shall be paid by the insurance company forthwith to the trust account of the Debtor's attorney, to be held by the attorney and released to the seller of the replacement vehicle only under such circumstances that the Creditor is entered as the first lienholder on the title to the replacement vehicle.

4.     The Debtor's attorney shall upon receipt of the insurance proceeds immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear title to the vehicle should be immediately turned over to the insurance company.

5.     The Creditor is required to immediately forward the clear certificate of title to the insurance company upon notification by the Debtor's attorney that the insurance proceeds have been received.

6.     Any insurance proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtor's attorney to the Trustee for disbursement on the Creditor's secured claim.

7.      The Debtor's attorney is allowed the presumptive fee of $450.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

Lisa D. Ryan
4310 M Snipe Creek Ln.
Raleigh, NC  27613

John T. Orcutt, Esq.
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
Standing Trustee
PO Box 3613
Durham, NC 27702

SunTrust Bank
PO Box 85092
Richmond, VA  23286

State Farm Insurance
Attn:  John Mednis
PO Box 9056
Charlottesville, VA  22906