UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**Lisa Ryan**

Soc. Sec. No. xxx-xx-9549
Mailing Address: 4310 Snipe Creek Lane Apt. M, Raleigh, NC 27613-

Case No. 10-80316
Chapter 13

Debtor

## MOTION TO MODIFY PLAN

**NOW COMES the Debtor**, by and through counsel undersigned, who moves, under authority of 11 U.S.C. § 1329, to modify the Chapter 13 plan in this case, and in support hereof, the Debtor shows unto this Court the following:

1. This case was filed on February 23, 2010, with the Chapter 13 plan being subsequently confirmed on June 21, 2010.

2. The Debtor proposes to modify the Chapter 13 plan in this case in the following respects:

   From:   $324.00 per month

   To:   $324.00 per month through May, 2011, followed thereafter by $55.00 per month, starting in June, 2011.

3. The changed circumstances that justify the proposed modification are as follows: The Debtor's 2005 Chevrolet Cobalt vehicle was damaged in a car accident on or about 3/20/11. Said vehicle secures a claim held by Suntrust Bank. Said claim was being paid "inside" this Chapter 13 case. There is presently an unpaid principal balance due on this secured claim in the amount of approximately $6,125.80. The insurance company responsible for providing property damage insurance has declared the vehicle a "total loss", and is offering, by way of property damage settlement, to pay the sum of $7,099.75.

4. The Debtor previously requested approval to substitute collateral, but was unable to find a suitable replacement vehicle given the amount of insurance proceeds available. Said insurance proceeds are still in the possession of State Farm Insurance.

5. To facilitate the proposed modification, the Debtor hereby surrenders any interest she may have in the said wrecked vehicle. Since said creditor's claim is only secured to the extent of the unpaid principal balance due upon its allowed secured claim, said creditor is only entitled to receive, from said settlement, an amount equal to the said unpaid principal balance due upon its said secured claim, plus interest at the rate set in the confirmation order. Upon

the payment of said amount to said creditor by said insurance company, said creditor is obligated to release its lien on said vehicle and to then forward to said insurance company the certificate of title to said vehicle.

6. In addition, since the Debtor is surrendering her interest in said vehicle, it is no longer necessary to continue treating said creditor's claim as secured. Not having to continue treating said claim as secured, it is possible to lower the Debtor's plan payment, thereby freeing up money necessary to help the Debtor acquire and finance dependable alternate transportation.

7. The Debtor additionally requests that any insurance proceeds which exceed the amount of the creditor's secured claim be turned over to the Debtor so that she may use the proceeds toward the purchase of a replacement vehicle.

8. An updated Schedule I and J (Income and Expenses) is not attached herewith, since all of the money freed up by this proposed modification is reasonably necessary to fund the cost of dependable alternate transportation.

9. The proposed modification conforms to the standards of confirmation set out in 11 U.S.C. §§ 1322 and 1325.

**Appended Application for an Additional Attorney Fee**

10. Counsel for the Debtor further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $250.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify, including, without limitation, the following:

    a. Calls from and to the Debtor to discuss changes in her situation which necessitate this motion, to explain the procedures and requirements involved, and to advise the Debtor accordingly; and
    b. Contact with the Trustee's office concerning the proposed modification; and
    c. Re-evaluating and recalculating the Chapter 13 plan in this case; and
    d. Drafting this Motion and Certificate of Service; and
    e. Service of the Motion on all interested parties, which includes all creditors scheduled in this case, at the expense of the undersigned law firm; and
    f. Filing of the Motion; and
    g. Prospective attendance with Debtor at the hearing upon the motion, if any; and
    h. Prospective drafting and filing of the proposed Order and Deputy Clerk's Certificate of Service; and
    i. Prospective follow-up instructions to client, as will be necessary, following the granting of this motion.

    j. In the case of a total loss situation, the whole process of gathering information from both client and insurance adjuster specific to the insurance claim, advising the Debtor

as to all possible options, including among them, the advantages and disadvantages of continuing in Chapter 13, what to do to get another vehicle, what to do for transportation in the meantime, and how to work with and react to insurance adjusters. In addition, there was the time spent in having to explain to the insurance adjuster how bankruptcy law necessarily modifies the normal handling of the insurance claim.

These services were not taken into account in the contract for legal services entered into between the undersigned and the Debtor.

WHEREFORE, the Debtor prays that this Court grant her Motion, and modify the Chapter 13 plan accordingly. In addition, counsel undersigned requests that this Court approve a fee in the amount of $250.00 to compensate undersigned for the services rendered or to be rendered with respect to this motion, said fee to be paid by the Chapter 13 Trustee as an administrative claim in this case.

Dated: June 7, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury Hicks

Koury Hicks
North Carolina State Bar No.: 36204
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

**CERTIFICATE OF SERVICE**

I, Koury Hicks, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on June 7, 2011 , I served copies of the foregoing **MOTION TO MODIFY PLAN** by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, N.C. 27702-3613

Michael West
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, N.C. 27402-1828

Lisa Ryan
4310 Snipe Creek Lane Apt. M,
Raleigh, NC 27613-

Suntrust Bank
Attn: Managing Agent
ATTN Managing Agent or Officer
PO Box 85092
Richmond , VA 23286-

State Farm Insurance
Attn: Managing Agent and
John Mednis, Adjuster
PO Box 9056
Charlottesville, VA 22906

All creditors with duly filed claims as listed on the Trustee's website.

                                                        /s Koury Hicks
                                                        Koury Hicks